IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGIOS DIAMANTOPOULOS, | ) | 8:15CV114 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, (N.D.C.S.), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for case management. For the reasons discussed below, the Court will require Plaintiff Georgios Diamantopoulos ("Plaintiff") to file an amended complaint and also a separate response addressing why he is entitled to proceed in forma pauperis in this matter.

## I. BACKGROUND

Plaintiff Georgios Diamantopoulos ("Plaintiff") filed a Complaint (Filing No. 1) and then a Motion for Leave to Proceed in Forma Pauperis (Filing No. 5) on April 13 and April 21, 2015. He is a pro se litigant incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. He generally alleged in the Complaint that prison officials are violating his right of access to the courts by refusing to provide him with various word processing services he needs in order to comply with Supreme Court Rule 33.1(g)(1). *See* Sup. Ct. R. 33 ("Document Preparation: Booklet Format; 8 1/2-by 11-Inch Paper Format").

On April 22, 2015, the Court concluded that Plaintiff had, on at least three prior occasions while incarcerated, brought cases that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. The Court ordered Plaintiff to either pay the court's $400.00 filing and administrative fees or show

cause for why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g). (Filing No. 9 at ECF 2.)

Since filing the Complaint, Plaintiff has filed numerous pleadings and motions. (*See* Filing Nos. 6, 7, 11, 12, 13, and 14.) Some of these supplementary materials are related to the allegations set forth in the Complaint, and some are not; while others appear to be related to his efforts to proceed in forma pauperis in this matter.

## II. DISCUSSION

Plaintiff's repeated filing of supplementary materials frustrates the Court's ability to effectively manage and progress this case. The Court cannot discern which filings pertain to the allegations raised in his Complaint and which filings pertain to his efforts to proceed in forma pauperis in this matter. While the Court *may* consider amended pleadings as supplemental to an original pleading in pro se cases (*see* NECivR 15.1(b)), the Court will no longer permit the piecemeal filing of supplemental materials in this case.

In order to ensure a just and fair resolution of Plaintiff's case, Plaintiff is directed to file two separate documents:

(1) <u>An amended complaint</u>: The amended complaint must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right Plaintiff believes the defendant violated.

The amended complaint must not incorporate any part of the original complaint by reference. The amended complaint will supersede the original complaint. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him. Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint" in this case.

(2) <u>A response to the Court's show-cause order</u>: The response must address why Plaintiff believes he is entitled to proceed in forma pauperis in this matter. As set forth in the Prison Litigation Reform Act, Plaintiff cannot proceed in forma pauperis in this action if he has, while incarcerated, brought three or more prior actions in a court of the United States that was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff should be mindful to explain how any allegations of imminent danger relate to his claims against the defendants. Plaintiff must clearly designate on the face of the document that it is the "Response to the Court's Show-Cause Order."

Plaintiff is *ordered not to file* any other documents, aside from the ones contemplated above without first obtaining leave of the Court. Accordingly,

IT IS ORDERED:

1. Plaintiff must file an amended complaint and a separate response to the Court's show-cause order within 45 days. Failure to file either document will result in the Court dismissing this action without prejudice and without further notice for failure to prosecute it.

2. Plaintiff is *ordered not to file* any documents aside from the ones contemplated above without first obtaining leave of the Court.

3. In light of the foregoing, Plaintiff's Motions to Compel (Filing Nos. 13 and 14) are denied as moot. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing No. 8) remains pending.

4. The Clerk of the Court is directed to set the following pro se case management deadline: June 29, 2015: check for amended complaint and separate response.

5. The Clerk of the Court is directed to send to plaintiff a blank civil complaint form.

DATED this 11th day of May, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge