IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GEORGIOS DIAMANTOPOULOS,** | ) | 8:15CV114 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on its own motion. For the reasons explained below, the Court will dismiss this action because Plaintiff Georgios Diamantopoulos failed to comply with this court's orders.

## I. BACKGROUND

Diamantopoulos[1] filed a Complaint (Filing No. 1) on April 13, 2015, and then a Motion for Leave to Proceed in Forma Pauperis (Filing No. 5) on April 21, 2015. Diamantopoulos is a *pro se* litigant incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. Diamantopoulos generally alleged in the Complaint that prison officials were violating Diamantopoulos's right of access to the courts by refusing to provide various word processing services needed in order to comply with Supreme Court Rule 33.1(g)(1). *See* Sup. Ct. R. 33 ("Document Preparation: Booklet Format; 8 1/2-by 11-Inch Paper Format").

On April 22, 2015, the Court concluded that Diamantopoulos had, on at least three prior occasions while incarcerated, brought cases that were dismissed on the grounds that

---

[1] Diamantopoulos's prisoner identification number is 35084. Diamantopoulos is an experienced *pro se* litigant with an extensive history of filings in this Court. A review of the Court's electronic filing system reveals Diamantopoulos has filed more than 30 cases under numerous names and aliases including Cary Nelson Rehbein, Glory Peterson, Gloria Petersen, Gloria Georgia Diamantopoulos/Pettersen, Yourgos Diamantopoulos, Yerigo Diamantopoulos, Georgos Diamantopoulos, and Georgios Diamantopoulos.

they were frivolous or failed to state a claim upon which relief may be granted. The Court ordered Diamantopoulos to either pay the Court's $400.00 filing and administrative fees or show cause for why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g). (Filing No. 9 at ECF 2.)

Thereafter, in an order dated May 11, 2015, the Court noted Diamantopoulos's repeated filing of supplementary materials frustrated the Court's ability to effectively manage and progress this case. Specifically, the Court could not discern which of Diamantopoulos's filings pertained to the allegations raised in the Complaint and which filings pertained to Diamantopoulos's efforts to proceed in forma pauperis. Accordingly, the Court ordered Diamantopoulos to file two separate documents (1) an amended complaint, and (2) a response to the Court's order dated April 22, 2015. With respect to the response, the Court ordered Diamantopoulos to "clearly designate on the face of the document that it [was] the 'Response to the Court's Show Cause-Order.'" (Filing No. 15 at ECF 3.) The Court specifically ordered Diamantopoulos to file *no other document* aside from these two. (*Id.*) In addition, the Court warned Diamantopoulos that failure to file either document would result in the Court dismissing this action without prejudice and without further notice.

Diamantopoulos filed an Amended Complaint (Filing No. 16) on May 26, 2015, which set forth an entirely different theory of relief than that set forth in the original Complaint. Diamantopoulos later filed an "Application for Time Served Under Habieas [sic] Corpus Under New Law" (Filing No. 17), a document captioned "Rule 60(b) F.R.C.P. Extraordinary Circumstance Amended Complaint on 5/13/15 with Evidence of Support!" (Filing No. 18), and a document captioned "Federal Habas [sic] Corpus Application § 2254"

(Filing No. 19). Also appearing on the docket sheet is a letter from Diamantopoulos to Michael E. Gans, Clerk of the Eighth Circuit Court of Appeals, seeking "Habeas and Damages."[2] (Filing No. 20.)

## II. DISCUSSION

The court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket. *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b).

Here, Diamantopoulos did not file a "Response to the Court's Show-Cause Order," despite the Court's warning that failure to do so would result in the Court dismissing this case without prejudice and without further notice. In addition, Diamantopoulos filed other supplementary documents despite the Court's order that Diamantopoulos file *no other document* aside from an amended complaint and a response to the Court's order dated April 22, 2015. The Court previously warned Diamantopoulos that the repeated filing of supplementary materials frustrates the Court's ability to effectively manage and progress this case. The Court can no longer discern what relief Diamantopoulos seeks in this action. Indeed, in Diamantopoulos's most-recent motion, Diamantopoulos complains this

---

[2]Gans forwarded the letter to this Court's Clerk's Office with the following note: "Enclosed for processing by your office is a pleading that was forwarded to this Court by Mr. Georgios Diamantopoulos. The document should be filed in the district court as of the date received by this office, July 16, 2015." (Filing No. 20.) The Clerk of this Court docketed the letter in this case, which is Diamantopoulos's only open case in this district at this time.

3

action should have been docketed as a *habeas corpus* action under 28 U.S.C. § 2254, further frustrating the Court's ability to progress this case.

For the foregoing reasons, the Court will dismiss this case without prejudice based on Diamantopoulos's failure to comply with this Court's orders and the Court's inherent authority to manage its docket. In the alternative, the Court will dismiss this case because Diamantopoulos is not entitled to habeas corpus relief for the reasons discussed below.

### III. PENDING MOTIONS FOR HABEAS CORPUS RELIEF

Diamantopoulos is serving a life sentence for first- degree murder. (*See* Case No. 4:07CV3191, Filing No. 1.) Diamantopoulos has filed at least eight previous habeas corpus petitions in this Court. *See Diamantopoulos v. Nebaska*, 8:11CV406 (dismissing eighth petition on February 14, 2012, as successive petition); *Diamantopolous v. Venditte*, 4:10cv3079 (dismissing seventh petition on June 2, 2010, as a successive petition); *Diamantopolous v. Nebraska*, 4:07cv3191(dismissing sixth petition on December 7, 2007, as a successive petition); *Diamantopolous v. Clarke*, 4:01cv3287 (dismissing fifth petition on September 3, 2002, as a successive petition); *Diamantopolous v. Nebraska Dep't of Corr., et al.*, 4:98cv3262 (dismissing fourth petition on October 14, 1998, as a successive); *Rehbein v. Clarke*, 94 F.3d 478 (8th Cir. 1996), *aff'g* 855 F. Supp. 1066 (D. Neb. 1994) (affirming dismissal of Diamantopoulos's third petition for writ of habeas corpus under principles concerning "abuse of the writ" before enactment of the Antiterrorism and Effective Death Penalty Act of 1996).

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously t 615 F.2d 486 through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.*

This Court's records reflect that a habeas corpus petition challenging Petitioner's first-degree murder conviction would be successive. As set forth above, Diamantopoulos unsuccessfully challenged this same judgment of conviction in earlier federal habeas corpus litigation. The record does not reflect that Diamantopoulos has received permission

from the Eighth Circuit Court of Appeals to again attack this conviction. If Diamantopoulos wishes to file a habeas corpus action in this Court challenging his conviction, Diamantopoulos should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b).

IT IS ORDERED:

1. Diamantopoulos's Motion for Leave to Proceed in Forma Pauperis (Filing No. 8) is denied.

2. Diamantopoulos's motions seeking habeas corpus relief (Filing Nos. 17, 19, and 20) are denied without prejudice to reassertion of a subsequent petition upon authorization by the Eighth Circuit Court of Appeals.

3. This case is dismissed without prejudice.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

5. If Diamantopoulos seeks to appeal this dismissal, the notice of appeal must be accompanied by an appellate filing fee in the amount of $505.00. Diamantopoulos will not be permitted to appeal in forma pauperis.

DATED this 3rd day of August, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge